**► FILING NOTE: Please review all claims, counts, and legal citations throughout this Complaint and confirm they accurately reflect the specific legal theories you intend to assert before filing. Consult the Local Rules of the U.S. District Court for the District of South Carolina for additional pro se filing requirements. ◄**

---

Complaint – Lamb v. Canfora – Civil Action No. 4:26-cv-3518-DCN-PJG

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

RCVD - USDC CDLA SC
AUG 17 '26 PM2:19

**COLUMBIA DIVISION**

| | |
|---|---|
| **RICHARD BRIAN LAMB and NANCY IRENE LAMB, Plaintiffs, v. JENNIFER H. CANFORA, PHD, LPC, Defendant(s).** | **Civil Action No.: _________ COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is an emergency civil action filed by Plaintiffs Richard Brian Lamb and Nancy Irene Lamb (collectively, "Plaintiffs"), appearing pro se, in conjunction with a simultaneously filed Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.

2. Plaintiffs respectfully submit that immediate equitable relief is necessary and urgent to prevent irreparable harm that will continue, or will

imminently occur, absent prompt intervention by this Court. The harm threatened is of such a nature that monetary damages alone would be inadequate to make Plaintiffs whole, and no adequate remedy at law exists to address the ongoing and threatened conduct of Defendant(s).

**3.** This Complaint is filed in good faith. Plaintiffs are pro se litigants and respectfully request that this Court afford their pleadings the liberal construction to which pro se filings are entitled under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## I. PARTIES

**4.** Plaintiff **Richard Brian Lamb** is an adult individual and citizen of the State of South Carolina, residing at 9541 Maison Ct, Myrtle Beach, South Carolina 29572. Plaintiff Richard Brian Lamb brings this action on his own behalf.

**5.** Plaintiff **Nancy Irene Lamb** is an adult individual and citizen of the State of South Carolina, residing at 9541 Maison Ct, Myrtle Beach, South Carolina 29572. Plaintiff Nancy Irene Lamb brings this action on her own behalf.

**6.** Defendant **Jennifer H. Canfora, PHD, LPC** is an individual licensed professional counselor residing and/or practicing at 2560 North Main Street, Conway, South Carolina 29526. Defendant is, upon information and belief, a licensed psychologist and professional counselor operating

in the State of South Carolina whose conduct forms the basis of the claims set forth herein.

## II. JURISDICTION AND VENUE

**7.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action arises under the Constitution and laws of the United States, including, without limitation, 42 U.S.C. § 1983 (civil rights violations under color of law), and the Fourth and Fourteenth Amendments to the United States Constitution, given Defendant's conduct in concert with law enforcement officers that deprived Plaintiffs of their constitutional rights, including the right to be free from unreasonable intrusion into their home and the right to due process.

**8.** This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**9.** Venue is proper in the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district, and/or Defendant(s) reside(s) or maintain(s) a principal place of business within this judicial district.

**10.** This Court has authority to issue the requested injunctive relief pursuant to Federal Rule of Civil Procedure 65 and its equitable powers under 28 U.S.C. § 1651 (All Writs Act).

## III. FACTUAL ALLEGATIONS

**11.** Plaintiffs hereby incorporate by reference all allegations set forth in the foregoing paragraphs as if fully restated herein.

**12.** The facts set forth in this Section, and throughout this Complaint, form the basis for the simultaneously filed Motion for Temporary Restraining Order and Preliminary Injunction, the contents of which are incorporated herein by this reference.

**13.** Defendant Jennifer H. Canfora, PHD, LPC is a licensed mental health professional who, at all times relevant to this Complaint, had no lawful authority, invitation, or consent to appear at Plaintiffs' residence. Plaintiff Nancy Irene Lamb is an 83-year-old disabled woman who resides with her son, Plaintiff Richard Brian Lamb, at 9541 Maison Ct, Myrtle Beach, South Carolina 29572. Prior to the events described herein, Defendant had no relationship with Plaintiffs that would justify uninvited entry onto their property or confrontational contact with Nancy Irene Lamb.

**14.** On or about **August 5, 2026**, Defendant Jennifer H. Canfora, PHD, LPC, arrived uninvited at Plaintiffs' residence at 9541 Maison Ct, Myrtle Beach, South Carolina 29572, accompanied by police officers. Defendant refused Plaintiffs' demand to leave. Defendant then proceeded to

verbally assault Plaintiff Nancy Irene Lamb — an 83-year-old disabled woman — in a loud, aggressive, and malicious manner, yelling at her and falsely labeling Plaintiff Richard Brian Lamb as delusional, a liar, and an abuser, all in the presence and hearing of Nancy Irene Lamb and in the sanctity of Plaintiffs' own home.

**15.** As a direct and proximate result of Defendant's conduct described herein, Plaintiffs have suffered severe and ongoing harm. Plaintiff Nancy Irene Lamb, an 83-year-old disabled woman, became hysterical with crying, experienced extreme fear, and physically shook uncontrollably as a direct result of Defendant's aggressive and malicious conduct inside Plaintiffs' home. Plaintiff Richard Brian Lamb suffered emotional distress and harm to his dignity and reputation as a result of Defendant's false and defamatory characterizations of him as delusional, a liar, and an abuser.

**16.** The harm to Plaintiffs is ongoing and continuing in nature. Nancy Irene Lamb continues to suffer severe emotional distress, debilitating fear, and physical symptoms as a direct result of Defendant's August 5, 2026 conduct. The credible threat of further contact, communication, or conduct by Defendant directed at Plaintiffs poses an imminent and continuing danger to the physical and psychological health and wellbeing of Nancy Irene Lamb that cannot be adequately remedied by monetary damages alone. Without immediate Court intervention, Plaintiffs will continue to suffer irreparable harm.

**17.** Plaintiffs have demanded that Defendant cease all contact and communication with Plaintiffs. Despite this demand, the ongoing threat of further contact by Defendant persists as of the date of this filing, and Defendant has taken no steps to assure Plaintiffs that no further contact will occur, leaving Plaintiffs in a state of continuing fear and distress.

**18.** Plaintiffs have no adequate remedy at law. The injuries being suffered and threatened are irreparable in nature, and, unless immediate equitable relief is granted, Plaintiffs will continue to suffer harm for which no adequate compensation exists.

**19.** Defendant's conduct on August 5, 2026 was intentional, willful, and malicious. Defendant's decision to arrive at Plaintiffs' home accompanied by police officers, to refuse a lawful demand to leave, and to verbally assault an 83-year-old disabled woman in her own home reflects a deliberate disregard for the safety, dignity, and wellbeing of Plaintiffs. Defendant's professional licensure as a mental health counselor makes her conduct especially egregious, as she exploited her professional authority and police accompaniment to amplify the psychological impact of her conduct on a vulnerable elderly woman.

## IV. CLAIMS FOR RELIEF

### COUNT I

### Violation of Civil Rights Under Color of Law — 42 U.S.C. § 1983

### (Against Defendant Jennifer H. Canfora, PHD, LPC)

**20.** Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

**21.** This Count is brought pursuant to 42 U.S.C. § 1983, which provides a civil cause of action against any person who, acting under color of state law, deprives another of rights, privileges, or immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendment rights to be free from unreasonable intrusion, and to be secure in one's home.

**22.** To establish a claim under 42 U.S.C. § 1983, Plaintiffs must demonstrate: (a) that the conduct was committed by a person acting under color of state law; (b) that the conduct deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (c) that the deprivation was caused by the Defendant's conduct, as established by *West v. Atkins*, 487 U.S. 42 (1988), and controlling Fourth Circuit authority.

**23.** As set forth in the Factual Allegations above, Defendant Canfora acted under color of state law by arriving at Plaintiffs' home accompanied by and in concert with police officers and using the authority of their presence to refuse to leave upon Plaintiffs' lawful demand. Defendant thereby deprived Plaintiffs of their Fourth Amendment right to be secure in their home and their Fourteenth Amendment due process rights, by subjecting them to a coercive, aggressive, and uninvited intrusion into their residence facilitated by law enforcement presence.

**24.** As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiffs have suffered damages in an amount to be proven at trial, including but not limited to compensatory damages for emotional distress, physical manifestations of distress, violation of constitutional rights, and attorneys' fees pursuant to 42 U.S.C. § 1988.

**COUNT II**

**Intentional Infliction of Emotional Distress**

**(Against Defendant Jennifer H. Canfora, PHD, LPC)**

**25.** Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

**26.** This Count is brought under the common law of the State of South Carolina for intentional infliction of emotional distress (also known as the tort of outrage), jurisdiction over which is proper under 28 U.S.C. § 1367 as it arises from the same nucleus of operative facts as Plaintiffs' federal claims.

**27.** The elements of intentional infliction of emotional distress under South Carolina law are: (a) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from the conduct; (b) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (c) the actions of the defendant caused the plaintiff's emotional distress; and (d) the emotional distress suffered by the plaintiff

was severe, as recognized in *Ford v. Hutson*, 276 S.C. 157 (1981), and its progeny.

**28.** As described in the Factual Allegations above, Defendant Canfora intentionally and recklessly inflicted severe emotional distress upon Plaintiffs by arriving uninvited at their home with police officers, refusing to leave upon demand, and verbally assaulting Nancy Irene Lamb — an 83-year-old disabled woman — in a loud, aggressive, and malicious manner, calling Richard Brian Lamb delusional, a liar, and an abuser in her presence. Defendant's conduct was so extreme and outrageous that it caused Nancy Irene Lamb to become hysterical with crying, to experience extreme fear, and to physically shake uncontrollably. This conduct exceeds all bounds of decency and is utterly intolerable in a civilized community, particularly given Nancy Irene Lamb's age, disability, and vulnerability.

**29.** As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered actual damages, consequential damages, and/or other damages available under South Carolina law, in an amount to be determined at trial.

**COUNT III**

**Trespass / Invasion of Privacy**

**(Against Defendant Jennifer H. Canfora, PHD, LPC)**

**30.** Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

**31.** This Count is brought pursuant to the common law of the State of South Carolina for trespass to land and invasion of privacy (intrusion upon seclusion). Defendant appeared uninvited and without consent at Plaintiffs' private residence and refused to leave upon demand, constituting both a trespass and an unlawful intrusion upon Plaintiffs' seclusion and right to be free from unwanted invasions of their private dwelling.

**32.** To establish a claim for trespass under South Carolina law, Plaintiffs must show: (a) Defendant intentionally entered Plaintiffs' property; (b) without consent or lawful authority; and (c) the entry caused actual harm. To establish intrusion upon seclusion, Plaintiffs must show: (a) an intentional intrusion, physically or otherwise, upon Plaintiffs' solitude, seclusion, or private affairs; (b) that the intrusion would be highly offensive to a reasonable person; and (c) resulting harm to the Plaintiffs.

**33.** As set forth in the Factual Allegations above, Defendant Canfora intentionally came to Plaintiffs' residence at 9541 Maison Ct, Myrtle Beach, South Carolina 29572, without invitation, consent, or lawful authority, and refused to leave when demanded to do so. This constitutes a trespass. Further, Defendant's uninvited presence at Plaintiffs' home, accompanied by law enforcement and followed by an aggressive verbal confrontation directed at a vulnerable elderly woman in the sanctity of her own dwelling, constitutes an intrusion upon seclusion that is highly offensive to any reasonable person.

**34.** As a direct and proximate result of Defendant's trespass and invasion of Plaintiffs' privacy, Plaintiffs have suffered harm and damages, including emotional distress, violation of their right to privacy, and the ongoing harm and fear resulting from Defendant's unlawful presence in their home, in amounts to be proven at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Richard Brian Lamb and Nancy Irene Lamb, appearing pro se, respectfully pray that this Honorable Court enter judgment in their favor and against Defendant(s), and grant the following relief:

(a) Issue a Temporary Restraining Order, without notice to Defendant(s) if necessary under Federal Rule of Civil Procedure 65(b), immediately restraining and enjoining Defendant(s) from [the conduct described in Plaintiffs' simultaneously filed Motion for Temporary Restraining Order], as more fully set forth therein;

(b) Issue a Preliminary Injunction, after notice and a hearing, enjoining Defendant(s) from [continuing the wrongful conduct described herein] pending a full and final resolution of this action on the merits;

(c) Issue a Permanent Injunction, after a hearing on the merits, permanently enjoining Defendant(s) from the unlawful conduct described in this Complaint;

(d) Award Plaintiffs compensatory damages in an amount to be established by the evidence at trial, including all economic losses,

consequential damages, and other actual damages sustained as a result of Defendant's conduct;

(e) Award Plaintiffs punitive damages, where permitted by applicable law, in an amount sufficient to punish Defendant(s) for willful, malicious, or reckless conduct and to deter similar conduct in the future;

(f) Award Plaintiffs reasonable attorneys' fees, litigation costs, and expenses of suit to the extent authorized by applicable federal or state law;

(g) Award Plaintiffs pre-judgment and post-judgment interest at the maximum rate permitted by law; and

(h) Grant such other and further relief as this Court deems just, equitable, and proper under the circumstances.

## JURY DEMAND

**PLAINTIFFS RICHARD BRIAN LAMB AND NANCY IRENE LAMB HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE, PURSUANT TO THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND FEDERAL RULE OF CIVIL PROCEDURE 38(b).**

**RESPECTFULLY SUBMITTED**

Date: August 17, 2026

**Richard Brian Lamb**, Plaintiff, Pro Se
9541 Maison Ct
Myrtle Beach, South Carolina 29572

Telephone: (843) 231-5422
Email: GoneGoody1@outlook.com

**Nancy Irene Lamb**, Plaintiff, Pro Se
9541 Maison Ct
Myrtle Beach, South Carolina 29572
Telephone: (843) 231-5422
Email: GoneGoody1@outlook.com

## VERIFICATION

### VERIFICATION BY PLAINTIFFS PURSUANT TO 28 U.S.C. § 1746

We, Richard Brian Lamb and Nancy Irene Lamb, being the Plaintiffs in the above-captioned action and appearing pro se, hereby verify and declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that we have read the foregoing Complaint for Injunctive Relief and Damages, and that the facts stated therein are true and correct to the best of our knowledge, information, and belief.

We understand that if any of the foregoing statements are willfully false, we may be subject to punishment.

Executed this 17th day of August, 2026.

**Richard Brian Lamb**
Plaintiff, Pro Se
9541 Maison Ct, Myrtle Beach, SC 29572

Date: August 17, 2026

**Nancy Irene Lamb**

Plaintiff, Pro Se

9541 Maison Ct, Myrtle Beach, SC 29572

Date: August 17, 2026

Nancy Lamb

______________________________________